GARY B. ROTH, Esq., State Bar No. 248031
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza
Rotunda Building, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: groth@boxerlaw.com

Attorneys for Plaintiff
REGINA LYNN MARIOLLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINA LYNN MARIOLLE,

    Plaintiff,

vs.

VOLVO GROUP NORTH AMERICA, INC.; AMSTED INDUSTRIES INCORPORATED; CONSOLIDATED METCO, INC.; and DOES 1 through 25, inclusive,

    Defendants.

No. CV 09 4250

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**
**[DEMAND FOR JURY TRIAL]**

## GENERAL ALLEGATIONS

1. The events described herein occurred upon a Volvo truck product which plaintiff is informed and believes bears vehicle identification number 4V2DC6UE31N322649, and which was equipped with "Conmet" aluminum front hub components bearing casting number 102054.

2. The injuries described herein arise from two separate occasions, the first being September 17, 2007, and the second being October 29, 2007 near the Livermore Airport in the County of Alameda, State of California.

3. Defendant VOLVO GROUP NORTH AMERICA, INC. is and at all times herein mentioned was a Delaware Corporation having its principal place of business in North Carolina.

4. Defendant CONSOLIDATED METCO, INC., is and at all times herein mentioned was a Delaware corporation having its principal place of business in Portland, Oregon.

1
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

5. Defendant AMSTED INDUSTRIES INCORPORATED is and at all times herein mentioned was a Delaware corporation having its principal place of business in Illinois.

6. At all times herein mentioned Defendants, and each of them, were doing business in the State of California.

7. The true names of Defendants DOES 1 through 25 and capacities of Defendants DOES 20 through 25 are unknown to plaintiff, and all are joined herein by said fictitious names. Plaintiff is informed and believes and thereon alleges that each said DOE defendant is strictly, negligently or otherwise liable in some manner for the events and happenings herein described, and strictly, negligently or otherwise legally caused the injuries and damages claimed, such that plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.

8. At all times herein mentioned Defendants DOES 1 through 20 were the alter ego, continuation of the same enterprise, successor in interest, and/or otherwise liable for defects in products of each remaining defendant.

9. At all times herein mentioned each defendant was the agent, employee, or joint venturer of each remaining defendant, and/or thereafter ratified or approved the acts of each remaining defendant.

10. Defendants, and each of them, designed, manufactured, advertised, distributed, sold into the stream of commerce, and provided post-market services for trucks and truck components.

11. As a legal result of the acts of and/or omissions of Defendants, and each of them, REGINA LYNN MARIOLLE suffered injuries legally caused by defendants' product.

12. As a legal result of the acts of defendants, and each of them, plaintiff REGINA LYNN MARIOLLE was hurt and injured in her relationship with her husband Raymond P. Mariolle which has caused her great mental and physical pain, suffering, and emotional distress, and have resulted in general damages in an amount in excess of the jurisdictional minimum of this Court.

13. As a legal result of the acts of defendants, and each of them, plaintiff REGINA LYNN MARIOLLE was prevented from attending to her usual occupation, sustaining loss of earnings, lost earning capacity, vocational rehabilitation expenses, and other economic losses in an amount in excess of the jurisdictional minimum of this Court.

14. As a further, direct and proximate result of the negligence, carelessness and recklessness of defendants as herein alleged, plaintiff REGINA LYNN MARIOLLE suffered and will in the future continue to suffer from loss of consortium.

## FIRST CAUSE OF ACTION

**(Strict Liability)**
**(As to All Defendants)**

15. Plaintiff incorporates by reference the General Allegations.

16. At all times herein mentioned defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for VOLVO GROUP and truck components.

17. Such Volvo truck product possessed a defect in its design.

18. The defect in design existed when such product left the defendants' possession.

19. The defect in design was a cause of injury to plaintiff.

20. Plaintiff's injuries resulted from a use of such product that was intended and/or reasonably foreseeable to said defendants.

## SECOND CAUSE OF ACTION

**(Strict Liability)**
**(As to all Defendants)**

21. Plaintiff incorporates by reference the General Allegations.

22. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for VOLVO GROUP and truck components.

23. Raymond P. Mariolle's injuries resulted from a use of such product that was intended and/or reasonably foreseeable to said defendants.

24. Use of such product in a manner that was intended and/or reasonably foreseeable by the defendants involved a substantial danger that would not be readily recognized by the ordinary user of the product.

25. Defendants, and each of them, knew or should have known of the danger, but failed to give Raymond P. Mariolle or his employer adequate warning of such danger.

## THIRD CAUSE OF ACTION

**(Negligence)**
**(As to all Defendants)**

26. Plaintiff incorporates by reference the General Allegations.

27. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing manuals, warnings, operator training and/or post-market services for VOLVO GROUP and truck components.

28. Defendants, and each of them knew of injuries with Volvo truck and truck components occurring under similar circumstances.

29. Defendants, and each of them knew of the extreme risk of harm presented by the Volvo truck and truck components, when used as intended or as reasonably foreseeable to Defendants, and each of them

30. At all times mentioned herein, defendants, and each of them, so negligently and carelessly designed, manufactured, advertised, distributed, sold, assembled, inspected, serviced, repaired, modified, failed to warn of its dangerous condition and/or of facts which made it likely to be dangerous, failed to recall, and failed to provide post-market services, that the same were capable of causing and did, in fact, cause personal injuries to the user and consumer thereof while being used in a manner intended and/or reasonable foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer, user or bystander, including Raymond P. Mariolle, in the manner intended or reasonably foreseeable or for the purpose for which it was made.

31. Said negligence of said defendants was a legal cause of injury and damage to the plaintiff.

## FOURTH CAUSE OF ACTION

**(Breach of Express Warranty)**
**(As to All Defendants)**

32. Plaintiff incorporates by reference the General Allegations.

33. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for VOLVO GROUP and

4
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

Case3:09-cv-04250-MMC Document1 Filed09/14/09 Page5 of 6

truck components.

34. An affirmation of fact or promise including but not limited to "hub rating - 10,000 lbs." was made by defendants to the buyer, which related to the goods and became part of the basis of the bargain, and which created an express warranty that the goods shall conform to the affirmation or promise.

35. Such description of the goods which was made part of the basis of the bargain created an express warranty that the goods shall conform to the description.

36. The goods did not conform to the description.

37. All injuries and damages sustained and incurred by plaintiff alleged herein were proximately caused by the said defects and breach of express warranty by defendants, and each of them.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Warranty)**
**(As to All Defendants)**

38. Plaintiff incorporates by reference the General Allegations.

39. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for VOLVO GROUP and truck components.

40. Defendants at the time of the sale had reason to know the purpose for which the goods were required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable goods.

41. The goods were not fit for the ordinary purposes for which such goods are used, namely for use in hauling heavy loads in the management of solid waste.

42. Raymond P. Mariolle and his employer (the buyer) relied on the skill and judgment of defendants, and each of them.

43. On the date previously mentioned, plaintiff was using said goods in an intended and/or reasonably foreseeable manner.

44. Said goods were not safe for their intended use nor of merchantable quality as warranted by defendants in that each were defective, and were not adequately safeguarded by adequate capacity,

5
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

absence of casting defects, warnings to users, or otherwise, against the danger of persons becoming injured.

45. The injuries and damages sustained and incurred by plaintiff alleged herein were legally caused by the said defects and breach of implied warranties by defendants, and each of them.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages in excess of the jurisdictional minimum of this Court;
2. For medical, surgical, hospital, and incidental expenses according to proof;
3. For wage loss, loss of earnings, loss of earning capacity, and related economic losses according to proof;
4. For prejudgment interest according to law;
5. For costs of suit; and,
6. For such other and further relief as the Court deems proper.

Dated: September 11, 2009　　　　　　　　BOXER & GERSON, LLP

By: _____
GARY B. ROTH
Attorney for Plaintiff
REGINA LYNN MARIOLLE

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury for all claims for which a jury is permitted.

Dated: September 11, 2009　　　　　　　　BOXER & GERSON, LLP

By: _____
GARY B. ROTH
Attorney for Plaintiff
REGINA LYNN MARIOLLE