GARY B. ROTH, Esq., State Bar No. 248031
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza
Rotunda Building, Suite 500
Oakland, California 94612
Telephone: (510) 835-8870
Facsimile: (510) 835-0415
E-mail: groth@boxerlaw.com

Attorneys for Plaintiff
REGINA LYNN MARIOLLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA LYNN MARIOLLE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VOLVO GROUP NORTH AMERICA, INC.; AMSTED INDUSTRIES INCORPORATED; CONSOLIDATED METCO, INC.; LABRIE ENVIRONMENTAL GROUP; WITTKE WASTE EQUIPMENT; FEDERAL SIGNAL CORPORATION; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. C-09-4250 MMC<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE MAXINE M. CHESNEY<br><br>**THIRD AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

## GENERAL ALLEGATIONS

1.　Plaintiff adopts and restates the allegations of Paragraph 1 of her Complaint, First Amended Complaint and Second Amended Complaint: The events described herein occurred upon a Volvo truck product which plaintiff is informed and believes bears vehicle identification number 4V2DC6UE31N322649, and which was equipped with "ConMet" aluminum front hub components bearing casting number 102054.

2.　Plaintiff adopts and restates the allegations of Paragraph 2 of her Complaint, First Amended Complaint and Second Amended Complaint: The injuries described herein arise from two separate occasions, the first being September 17, 2007, and the second being October 29, 2007 near the

1
THIRD AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

1  Livermore Airport in the County of Alameda, State of California.

2      3.    Plaintiff adopts and restates the allegations of Paragraph 3 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendant VOLVO GROUP NORTH AMERICA, INC. is and at all times herein mentioned was a Delaware Corporation having its principal place of business in North Carolina.

    4.    Plaintiff adopts and restates the allegations of Paragraph 4 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendant CONSOLIDATED METCO, INC., is and at all times herein mentioned was a Delaware corporation having its principal place of business in Portland, Oregon.

    5.    Plaintiff adopts and restates the allegations of Paragraph 5 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendant AMSTED INDUSTRIES INCORPORATED is and at all times herein mentioned was a Delaware corporation having its principal place of business in Illinois.

    6.    Plaintiff adopts and restates the allegations of Paragraph 6 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned Defendants, and each of them, were doing business in the State of California.

    6(a).    Plaintiff amends the Complaint, First Amended Complaint and Second Amended Complaint to add paragraph 6(a).: Defendant LABRIE ENVIRONMENTAL GROUP is and at all times herein mentioned was a foreign corporation having its principal place of business in Quebec, Canada.

    6(b).    Plaintiff amends the Complaint, First Amended Complaint and Second Amended Complaint to add paragraph 6(b).: Defendant WITTKE WASTE EQUIPMENT is and at all times herein mentioned was a foreign corporation having its principal place of business in Alberta, Canada.

    6(c).    Plaintiff amends the complaint to add paragraph 6(c).: Defendant FEDERAL SIGNAL CORPORATION is and at all times herein mentioned was a Delaware corporation having its principal place of business in Oak Brook, Illinois.

    7.    Plaintiff adopts and restates the allegations of Paragraph 7 of her Complaint, First Amended Complaint and Second Amended Complaint: The true names of Defendants DOES 1 through 25 and capacities of Defendants DOES 20 through 25 are unknown to plaintiff, and all are joined herein

by said fictitious names. Plaintiff is informed and believes and thereon alleges that each said DOE defendant is strictly, negligently or otherwise liable in some manner for the events and happenings herein described, and strictly, negligently or otherwise legally caused the injuries and damages claimed, such that plaintiff will seek leave to amend this Third Amended Complaint when their true names and capacities are ascertained.

8. Plaintiff adopts and restates the allegations of Paragraph 8 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned Defendants DOES 1 through 20 were the alter ego, continuation of the same enterprise, successor in interest, and/or otherwise liable for defects in products of each remaining defendant.

9. Plaintiff adopts and restates the allegations of Paragraph 9 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned each defendant was the agent, employee, or joint venturer of each remaining defendant, and/or thereafter ratified or approved the acts of each remaining defendant.

10. Plaintiff adopts and restates the allegations of Paragraph 10 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendants, and each of them, designed, manufactured, advertised, distributed, sold into the stream of commerce, and provided post-market services for trucks and truck components.

11. Plaintiff adopts and restates the allegations of Paragraph 11 of her Complaint, First Amended Complaint and Second Amended Complaint: As a legal result of the acts of and/or omissions of Defendants, and each of them, REGINA LYNN MARIOLLE suffered injuries legally caused by defendants' product.

12. Plaintiff adopts and restates the allegations of Paragraph 12 of her Complaint, First Amended Complaint and Second Amended Complaint: As a legal result of the acts of defendants, and each of them, plaintiff REGINA LYNN MARIOLLE was hurt and injured in her relationship with her husband Raymond P. Mariolle which has caused her great mental pain, suffering, and emotional distress, and have resulted in general damages in an amount in excess of the jurisdictional minimum of this Court.

13. Plaintiff amends the allegations of Paragraph 13 of her Complaint, First Amended Complaint and Second Amended Complaint: As a legal result of the acts of defendants, and each of

them, plaintiff REGINA LYNN MARIOLLE was prevented from attending to her usual occupation, sustaining a loss of consortium in an amount in excess of the jurisdictional minimum of this Court.

14. Plaintiff adopts and restates the allegations of Paragraph 14 of her Complaint, First Amended Complaint and Second Amended Complaint: As a further, direct and proximate result of the negligence, carelessness and recklessness of defendants as herein alleged, plaintiff REGINA LYNN MARIOLLE suffered and will in the future continue to suffer from loss of consortium.

## FIRST CAUSE OF ACTION

### (Loss of Consortium Arising from Strict Liability)
### (As to All Defendants)

15. Plaintiff adopts and restates the allegations of Paragraph 15 of her Complaint, First Amended Complaint and Second Amended Complaint: Plaintiff incorporates by reference the General Allegations.

16. Plaintiff adopts and restates the allegations of Paragraph 16 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for VOLVO GROUP and truck components.

17. Plaintiff adopts and restates the allegations of Paragraph 17 of her Complaint, First Amended Complaint and Second Amended Complaint: Such Volvo truck product possessed a defect in its design.

18. Plaintiff adopts and restates the allegations of Paragraph 18 of her Complaint, First Amended Complaint and Second Amended Complaint: The defect in design existed when such product left the defendants' possession.

19. Plaintiff adopts and restates the allegations of Paragraph 19 of her Complaint, First Amended Complaint and Second Amended Complaint: The defect in design was a cause of injury to plaintiff.

20. Plaintiff amends the allegations of Paragraph 20 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond Mariolle, the husband of REGINA LYNN MARIOLLE, was injured from a use of such product that was intended and/or reasonably foreseeable

to said defendants. REGINA LYNN MARIOLLE sustained damages and injuries arising from her loss of consortium arising from the injuries and damages sustained by Raymond Mariolle.

### SECOND CAUSE OF ACTION

**(Loss of Consortium Arising from Strict Liability)**
**(As to all Defendants)**

21. Plaintiff adopts and restates the allegations of Paragraph 21 of her Complaint, First Amended Complaint and Second Amended Complaint: Plaintiff incorporates by reference the General Allegations.

22. Plaintiff adopts and restates the allegations of Paragraph 22 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for VOLVO GROUP and truck components.

23. Plaintiff amends the allegations of Paragraph 23 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond Mariolle, the husband of REGINA LYNN MARIOLLE, was injured from a use of such product that was intended and/or reasonably foreseeable to said defendants. REGINA LYNN MARIOLLE sustained damages and injuries arising from her loss of consortium arising from the injuries and damages sustained by Raymond Mariolle.

24. Plaintiff adopts and restates the allegations of Paragraph 24 of her Complaint, First Amended Complaint and Second Amended Complaint: Use of such product in a manner that was intended and/or reasonably foreseeable by the defendants involved a substantial danger that would not be readily recognized by the ordinary user of the product.

25. Plaintiff adopts and restates the allegations of Paragraph 25 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendants, and each of them, knew or should have known of the danger, but failed to give Raymond P. Mariolle or his employer adequate warning of such danger.

### THIRD CAUSE OF ACTION

**(Loss of Consortium Arising from Negligence)**
**(As to all Defendants)**

26. Plaintiff adopts and restates the allegations of Paragraph 26 of her Complaint, First

Amended Complaint and Second Amended Complaint: Plaintiff incorporates by reference the General Allegations.

27. Plaintiff adopts and restates the allegations of Paragraph 27 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing manuals, warnings, operator training and/or post-market services for VOLVO GROUP and truck components.

28. Plaintiff adopts and restates the allegations of Paragraph 28 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendants, and each of them knew of injuries with Volvo truck and truck components occurring under similar circumstances.

29. Plaintiff adopts and restates the allegations of Paragraph 27 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendants, and each of them knew of the extreme risk of harm presented by the Volvo truck and truck components, when used as intended or as reasonably foreseeable to Defendants, and each of them

30. Plaintiff adopts and restates the allegations of Paragraph 27 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times mentioned herein, defendants, and each of them, so negligently and carelessly designed, manufactured, advertised, distributed, sold, assembled, inspected, serviced, repaired, modified, failed to warn of its dangerous condition and/or of facts which made it likely to be dangerous, failed to recall, and failed to provide post-market services, that the same were capable of causing and did, in fact, cause personal injuries to the user and consumer thereof while being used in a manner intended and/or reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer, user or bystander, including Raymond P. Mariolle, in the manner intended or reasonably foreseeable or for the purpose for which it was made.

31. Plaintiff amends the allegations of Paragraph 31 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond P. Mariolle, the husband of REGINA LYNN MARIOLLE, was injured from a use of such product that was intended and/or reasonably foreseeable to said defendants. REGINA LYNN MARIOLLE sustained damages and injuries arising from her loss of consortium arising from the injuries and damages sustained by Raymond Mariolle.

## FOURTH CAUSE OF ACTION

**(Loss of Consortium Arising from Breach of Express Warranty)**
**(As to All Defendants)**

32. Plaintiff adopts and restates the allegations of Paragraph 32 of her Complaint, First Amended Complaint and Second Amended Complaint: Plaintiff incorporates by reference the General Allegations.

33. Plaintiff adopts and restates the allegations of Paragraph 33 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for VOLVO GROUP and truck components.

34. Plaintiff adopts and restates the allegations of Paragraph 34 of her Complaint, First Amended Complaint and Second Amended Complaint: An affirmation of fact or promise including but not limited to "hub rating - 10,000 lbs." was made by defendants to the buyer, which related to the goods and became part of the basis of the bargain, and which created an express warranty that the goods shall conform to the affirmation or promise.

35. Plaintiff adopts and restates the allegations of Paragraph 35 of her Complaint, First Amended Complaint and Second Amended Complaint: Such description of the goods which was made part of the basis of the bargain created an express warranty that the goods shall conform to the description.

36. Plaintiff adopts and restates the allegations of Paragraph 36 of her Complaint, First Amended Complaint and Second Amended Complaint: The goods did not conform to the description.

37. Plaintiff amends the allegations of Paragraph 37 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond Mariolle, the husband of REGINA LYNN MARIOLLE, was injured and such injury was directly and proximately caused by a breach of the express warranty by the defendants. REGINA LYNN MARIOLLE sustained damages and injuries arising from her loss of consortium arising from the injuries and damages sustained by Raymond Mariolle.

///

///

THIRD AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

## FIFTH CAUSE OF ACTION

**(Loss of Consortium Arising form Breach of Implied Warranty)**
**(As to All Defendants)**

38. Plaintiff adopts and restates the allegations of Paragraph 38 of her Complaint, First Amended Complaint and Second Amended Complaint: Plaintiff incorporates by reference the General Allegations.

39. Plaintiff adopts and restates the allegations of Paragraph 39 of her Complaint, First Amended Complaint and Second Amended Complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for VOLVO GROUP and truck components.

40. Plaintiff adopts and restates the allegations of Paragraph 40 of her Complaint, First Amended Complaint and Second Amended Complaint: Defendants at the time of the sale had reason to know the purpose for which the goods were required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable goods.

41. Plaintiff adopts and restates the allegations of Paragraph 41 of her Complaint, First Amended Complaint and Second Amended Complaint: The goods were not fit for the ordinary purposes for which such goods are used, namely for use in hauling heavy loads in the management of solid waste.

42. Plaintiff adopts and restates the allegations of Paragraph 42 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond P. Mariolle and his employer (the buyer) relied on the skill and judgment of defendants, and each of them.

43. Plaintiff adopts and restates the allegations of Paragraph 43 of her Complaint, First Amended Complaint and Second Amended Complaint: On the date(s) previously mentioned, plaintiff was using said goods in an intended and/or reasonably foreseeable manner.

44. Plaintiff adopts and restates the allegations of Paragraph 44 of her Complaint, First Amended Complaint and Second Amended Complaint: Said goods were not safe for their intended use nor of merchantable quality as warranted by defendants in that each were defective, and were not adequately safeguarded by adequate capacity, absence of casting defects, warnings to users, or otherwise, against the danger of persons becoming injured.

45.   Plaintiff amends the allegations of Paragraph 45 of her Complaint, First Amended Complaint and Second Amended Complaint: Raymond Mariolle, the husband of REGINA LYNN MARIOLLE, was injured and the injuries and damages sustained and incurred by Raymond Mariolle alleged herein were legally caused by the said defects and breach of implied warranties by defendants, and each of them. REGINA LYNN MARIOLLE sustained damages and injuries arising from her loss of consortium arising from the injuries and damages sustained by Raymond Mariolle.

### SIXTH CAUSE OF ACTION

### (Loss of Consortium)

### (As to All Defendants)

46.   Plaintiff amends the Complaint, First Amended Complaint and Second Amended Complaint to allege Paragraph 46: REGINA LYNN MARIOLLE, at all times relevant herein, was the wife of Raymond Mariolle

47.   Plaintiff amends the Complaint, First Amended Complaint and Second Amended Complaint to allege Paragraph 47: As a consequence of personal injuries sustained by Raymond Mariolle, REGINA LYNN MARIOLLE has sustained, continues to sustain, and will in the future sustain damages arising from her loss of consortium; the damages for her loss of consortium include, but are not limited to, damages arising from the support of her spouse, support, conjugal society, comfort, affection, companionship, and moral support.

48.   Plaintiff amends the Complaint, First Amended Complaint and Second Amended Complaint to allege Paragraph 48: REGINA LYNN MARIOLLE was injured and the injuries and damages alleged herein were legally caused by the causes of action and deeds alleged in the First Cause of Action, Second Cause of Action, Third Cause of Action, Fourth Cause of Action, and Fifth Cause of Action by defendants, and each of them.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.   For damages in excess of the jurisdictional minimum of this Court;

2.   For loss of consortium and related losses according to proof;

4.   For prejudgment interest according to law;

5.   For costs of suit; and,

6.    For such other and further relief as the Court deems proper.

Dated: March 7, 2011

BOXER & GERSON, LLP

By: _____
GARY B. ROTH
Attorney for Plaintiff
REGINA LYNN MARIOLLE

THIRD AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES [DEMAND FOR JURY TRIAL]

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury for all claims for which a jury is permitted.

Dated: March 7, 2011          BOXER & GERSON, LLP

By: _____
GARY B. ROTH
Attorney for Plaintiff
REGINA LYNN MARIOLLE